UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BYRD AVIATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | CIVIL ACTION NO. |
| | ) | |
| GLOBAL AEROSPACE, INC., | ) | 3:19-CV-01661-G |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant's motion to dismiss for lack of personal jurisdiction pursuant to FED. R. CIV. P. 12(b)(2) ("Motion") (docket entry 5). For the reasons set forth below, the motion is granted.

### I. BACKGROUND

Byrd Aviation, Inc. ("Byrd") is a Tennessee corporation with its principal place of business in Tennessee. Plaintiff's Original Petition ("Petition") (docket entry 1-3) ¶ 5; Motion at 6. Global Aerospace, Inc. ("Global") is a Delaware corporation with its principal place of business in New Jersey. Notice of Removal ("Removal") (docket entry 1) at 2. Byrd bought insurance coverage from Global, effective June 13, 2018. Petition ¶ 10. The insurance covered an aircraft believed to have been in Texas when

the insurance was bought.  *Id.* ¶¶ 9-11.  After the insured property disappeared, Byrd demanded coverage, which Global denied.  *Id.* ¶ 15.  Byrd then filed this suit, alleging breach of contract, breach of the duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, and late payments under the Texas Insurance Code.  *Id.* ¶¶ 17-30.

Global removed the case to federal court based on diversity of citizenship on July 11, 2019.  Removal at 2.  Global then moved to dismiss the case for lack of personal jurisdiction on July 18, 2019.  Motion.  Byrd filed its response on August 29, 2019.  Plaintiff's Response Brief in Opposition to Defendant's Motion to Dismiss for Lack of Personal Jurisdiction ("Response") (docket entry 11).  Global filed its reply on September 23, 2019.  Defendant's Reply in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction ("Reply") (docket entry 14).  The motion is now ripe for decision.

## II. ANALYSIS

### A. The Factual Standard: A Prima Facie Case

When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing the district court's jurisdiction over the nonresident.  *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir.), *cert. denied*, 513 U.S. 930 (1994); *Gardemal v. Westin Hotel Company*, 186 F.3d 588, 592 (5th Cir. 1999).  If the district court chooses to decide the matter without an

evidentiary hearing, the plaintiff may meet its burden by presenting a *prima facie* case for personal jurisdiction. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592.

The court will take the allegations of the complaint as true, except where they are controverted by opposing affidavits, and all conflicts in the facts are resolved in favor of the plaintiff. *Wilson*, 20 F.3d at 648; *Gardemal*, 186 F.3d at 592. In making its determination, the court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of recognized discovery methods. *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997), *cert. denied*, 522 U.S. 1048 (1998); *Thompson v. Chrysler Motors Corporation*, 755 F.2d 1162, 1165 (5th Cir. 1985). The court is not required to accept as true conclusory allegations, even if uncontroverted, in its prima-facie-case analysis. *Panda Brandywine Corporation v. Potomac Electric Power Company*, 253 F.3d 865, 869 (5th Cir. 2001).

B. <u>The Legal Standard</u>

A federal district court may exercise personal jurisdiction over a nonresident defendant if (1) the long-arm statute of the forum state permits the exercise of personal jurisdiction over the defendant; and (2) the exercise of such jurisdiction by the forum state is consistent with due process under the United States Constitution. *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002). A defendant is amenable to the personal jurisdiction of a federal court sitting in diversity to the same extent that it would be amenable to the jurisdiction of a state court in the same forum. *Pedelahore*

*v. Astropark, Inc.*, 745 F.2d 346, 347 (5th Cir. 1984).  Applying state law, this court must first determine whether Texas, the forum state, could assert long-arm jurisdiction.  *Id*.  Because the Texas long-arm statute confers jurisdiction to the limits of the federal constitution, *Access Telecom, Inc. v. MCI Telecommunications Corporation*, 197 F.3d 694, 716 (5th Cir. 1999), *cert. denied*, 531 U.S. 917 (2000); *Hall v. Helicopteros Nacionales de Colombia, S.A.*, 638 S.W.2d 870, 872 (Tex. 1982), *rev'd on other grounds*, 466 U.S. 408 (1984), the court need only concern itself with the federal due process inquiry.  *Latshaw v. Johnston*, 167 F.3d 208, 211 (5th Cir. 1999); *Wilson*, 20 F.3d at 647 n.1; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 17.041, *et seq.* (Texas long-arm statute).

### C. Due Process Requirements

Due process requires the satisfaction of three elements to exercise personal jurisdiction over a nonresident defendant: (1) the nonresident must have some minimum contact with the forum that results from an affirmative act on its part such that the nonresident defendant could anticipate being haled into the courts of the forum state; (2) the claim must arise out of or be related to those activities; and (3) it must be fair or reasonable to require the nonresident to defend the suit in the forum state.  *Luv N' care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 469 (5th Cir.), *cert. denied*, 548 U.S. 904 (2006); see also *Burger King Corporation v. Rudzewicz*, 471 U.S. 462, 474-78 (1985).  The Due Process Clause ensures that persons have a "fair warning

that a particular activity may subject [them] to the jurisdiction of a foreign sovereign." *Burger King*, 471 U.S. at 472 (quoting *Shaffer v. Heitner*, 433 U.S. 186, 218 (1977) (Stevens, J., concurring)).

To establish minimum contacts with the forum, a nonresident defendant must do some act by which it "purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 474-75 (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)). The unilateral activity of one asserting a relationship with the nonresident defendant does not satisfy this requirement. *Burger King*, 471 U.S. at 474 (quoting *Hanson*, 357 U.S. at 253); *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 417 (1984) (citing *Kulko v. California Superior Court*, 436 U.S. 84, 93-94 (1978)); *Hanson*, 357 U.S. at 253. In determining whether the exercise of jurisdiction is appropriate, the Supreme Court has focused less on the defendant's presence in the forum state as a means to establish jurisdiction and looked increasingly to whether a defendant's contacts with the forum state make it reasonable to require the defendant to defend the particular suit in that forum. *Quill Corporation v. North Dakota*, 504 U.S. 298, 307 (1992).

Two types of *in personam* jurisdiction may be exercised over a nonresident defendant: specific jurisdiction and general jurisdiction. Specific jurisdiction exists if the cause of action is related to, or arises out of, the defendant's contacts with the

forum state and those contacts meet the due process standard. *J.R. Stripling v. Jordan Production Company, LLC*, 234 F.3d 863, 871 (5th Cir. 2000) (quotations and citations omitted). "When a court exercises personal jurisdiction over a defendant based on contacts with the forum related to the particular controversy, the court is exercising 'specific jurisdiction.'" *Holt Oil & Gas Corporation v. Harvey*, 801 F.2d 773, 777 (5th Cir. 1986) (citations omitted), *cert. denied*, 481 U.S. 1015 (1987). A defendant's contacts with the forum that are unrelated to the underlying controversy cannot support a finding of specific jurisdiction. *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, __ U.S. __, 137 S. Ct. 1773, 1781 (2017) ("[a] corporation's 'continuous activity of some sorts within a state . . . is not enough to support the demand that the corporation be amenable to suits unrelated to that activity") (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 927 (2011)). General jurisdiction, on the other hand, may be found when the nonresident's contacts with the forum are "so continuous and systematic as to render [the nonresident] essentially at home in the forum [s]tate." *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014) (internal quotations and citations omitted).

Under either a specific or general jurisdiction analysis, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum [s]tate." *Burger King*, 471 U.S. at 474 (quoting *International Shoe Company v. State of Washington, Office of Unemployment Compensation and Placement*,

326 U.S. 310, 316 (1945)).  The "purposeful availment" requirement of the minimum contacts inquiry "ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts . . . or of the 'unilateral activity of another party or a third person.'" *Id.* at 475 (citations omitted).  A plaintiff must establish a substantial connection between the nonresident defendant and the forum state.  *Jones v. Petty-Ray Geophysical, Geosource, Inc.*, 954 F.2d 1061, 1068 n.9 (5th Cir.), *cert. denied*, 506 U.S. 867 (1992); *Bearry v. Beech Aircraft Corporation*, 818 F.2d 370, 374 (5th Cir. 1987) (citing *Burger King*, 471 U.S. at 475 n.18; *McGee v. International Life Insurance Company*, 355 U.S. 220, 223 (1957)).

A court must consider all factors when making the purposeful availment inquiry: "no single factor, particularly the number of contacts, is determinative." *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. 1985).  "[W]hether the minimum contacts are sufficient to justify subjection of the non-resident to suit in the forum is determined not on a mechanical and quantitative test, but rather under the particular facts upon the quality and nature of the activity with relation to the forum state." *Mississippi Interstate Express, Inc. v. Transpo, Inc.*, 681 F.2d 1003, 1006 (5th Cir. 1982); see also *Coats v. Penrod Drilling Corporation*, 5 F.3d 877, 884 (5th Cir. 1993), *cert. denied*, 510 U.S. 1195 (1994).

D. Application

Byrd does not claim that the court has specific jurisdiction over Global, so the court will not address specific jurisdiction. Global argues that the court lacks general jurisdiction because Global is not "at home" in Texas. Motion at 9. In its response, Byrd asserts that this court has general jurisdiction over Global because Global purposely availed itself of the laws and privileges of Texas by engaging in continuous and systematic activities within Texas, and because such jurisdiction would not offend traditional notions of fair play and substantial justice. Response at 9. However, Byrd has not made a *prima facie* case that Global's contacts with Texas are "so continuous and systematic as to render [Global] essentially at home" in Texas. *Monkton Insurance Services, Limited v. Ritter*, 768 F.3d 429, 432 (5th Cir. 2014) (quoting *Daimler*, 571 U.S. at 139).

In response to Global's motion, Byrd alleges numerous facts that purportedly establish general jurisdiction through continuous and systematic contacts. Response at 5-8. Those contacts include: (1) Global's regional office in Dallas, Texas, which employs at least five employees, (2) the fact that Global is registered and authorized to do business in Texas, and (3) the fact that Global registered an agent for service of process in Texas. Response at 5. These contacts, however, are not "'continuous and systematic' enough to render [Global] 'at home' in Texas." *Monkton*, 768 F.3d at 432. It is "incredibly difficult to establish general jurisdiction in a forum other than

the place of incorporation or principal place of business." *Id.* Even a sister division, arguably a principal place of business, may not be enough to establish general jurisdiction. *Hazim v. Schiel & Denver Book Publishers*, 647 F. App'x 455, 460 (5th Cir. 2016) (concluding that a sister division in Texas, sales in Texas, and Texas choice-of-law and forum-selection provisions did not render the defendant company at home in Texas).

Furthermore, registering to do business in Texas and registering an agent for service of process, "without more," does not establish general jurisdiction. *Fiduciary Network, LLC v. Buehler*, No. 3:15-CV-0808, 2015 WL 2165953, at *6 (N.D. Tex. May 8, 2015) (Lynn, J.) (citing *Johnston v. Multidata Systems International Corporation*, 523 F.3d 602, 614 (5th Cir. 2008)); *Wenche Siemer v. Learjet Acquisition Corporation*, 966 F.2d 179, 183 (5th Cir. 1992), *cert. denied*, 506 U.S. 1080 (1993). Registration to do business and registration of an agent for process are not given special weight in general jurisdictional analysis. *Id.*

Depending on the "length" or "duration" of the Dallas regional office's business activity, or on the "length, duration, or frequency" of Global's sales in Texas, a finding of general jurisdiction may be appropriate; however, the existence of a regional office together with registration to do business and registration of an agent for process are not enough to render a corporation "at home" in the forum state. *Hazim*, 647 F. App'x at 460. The facts as Byrd alleges them do not support a finding

of general jurisdiction.

## III. CONCLUSION

For the reasons discussed above, Global's motion to dismiss for lack of personal jurisdiction is **GRANTED**. Judgment will be entered dismissing this case without prejudice for lack of personal jurisdiction.

**SO ORDERED**.

January 17, 2020.

*A. Joe Fish*

**A. JOE FISH**
**Senior United States District Judge**